UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVONTE PRESSLEY,

               Plaintiff,                     **COMPLAINT AND**
                                                       **JURY DEMAND**

        -against-

THE CITY OF NEW YORK, PETER CHIOFOLO,
MIGUEL GONZALEZ, JOHN DOES 1-10,


               Defendants.
----------------------------------------------------------X

     The Plaintiff, DAVONTE PRESSLEY, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

    1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individual police officers identified herein and their employer, the City of New York.

## PARTIES, VENUE AND JURISDICTION

    2.     Plaintiff DAVONTE PRESSLEY is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

    3.     At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4.     At all relevant times hereinafter mentioned, defendant police officer PETER CHIOFOLO, Shield No. 3960, was employed by the City of New York as a member of the NYPD. Chiofolo is sued in his individual and official capacities.

5.     At all relevant times hereinafter mentioned, defendant police officer MIGUEL GONZALEZ, was employed by the City of New York as a member of the NYPD. Gonzalez is sued in his individual and official capacities.

6.     At all relevant times hereinafter mentioned, defendants John Does One through Ten were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiffs at this time. The Doe defendants are sued herein in their individual and official capacities.

7.     This Court has subject matter jurisdiction over the federal claims pursuant to 42 U.S.C. §1983.

8.     Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

**FACTUAL ALLEGATIONS**

9.     Plaintiff is an African-American male.

10.   On or about October 26, 2016, at approximately 11:00 a.m., plaintiff was in the area of 842 Ralph Avenue in the County of Kings, City and State of New York (the "premises").

11.   Plaintiff was emotionally disturbed and called 911.

2

12.    Several police officers arrived, including defendant GONZALEZ.

13.    Defendant GONZALEZ shot plaintiff numerous times.

14.    Plaintiff was struck with multiple bullets in his arm, torso, and leg.

15.    Thereafter, plaintiff was falsely arrested.

16.    As a result of this unlawful and wholly unjustified use of force, plaintiff suffered serious, life threatening injuries.

17.    In connection with the above incident, plaintiff was charged with an attempted assault upon a police officer among other charges.

18.    At no time on October 26, 2016, did plaintiff attempted to assault a police officer.

19.    Defendants knew from the outset that plaintiff had not committed this offense, but nonetheless charged him in order to conceal their own unlawful and grossly improper use of force.

20.    Thereafter, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the Kings County District Attorney's Office.

21.    Defendant GONZALEZ and CHIOFOLO made these false claims to justify defendant GONZALEZ's unlawful and grossly improper use of force against plaintiff.

22.    At no time did plaintiff engage in the above-described criminal acts.

23.    Prosecutors thereafter incorporated defendant Gonzalez and Chiofolo's false accusations against plaintiff into a criminal complaint.

24.   At not time did any of the individual defendants take any steps to correct their fellow defendants' fabrications and omissions, or otherwise ensure that prosecutors were given a full and accurate statement of the facts surrounding defendants' presence in the area and plaintiff's arrest.

25.   As a result of the defendants' actions, plaintiff suffered physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages.

26.   At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

27.   That al all times relevant herein, the individual defendants were acting under color of law and within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. §1983

28.   Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

29.   All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C.§ 1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     The acts complained of deprived plaintiff of his rights not to have excessive force imposed upon him, not to have summary punishment imposed upon him and to receive equal protection under the law.

**SECOND CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C. §1983**

36.    Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

37.    The level of force employed by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

38.    As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**THIRD CLAIM FOR RELIEF**
**STATE LAW ASSAULT AND BATTERY**

39.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.    By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered plaintiff.

41.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

42.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein .

**FOURTH CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

43.    Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

6

44.     As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

45.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## STATE LAW FALSE IMPRISONMENT AND FALSE ARREST

46.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

48.     Plaintiff was conscious of his confinement.

49.     Plaintiff did not consent to his confinement.

50.     Plaintiff's confinement was not otherwise privileged.

51.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

52.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

**SIXTH CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

53.    Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

54.    Defendants misrepresented and falsified evidence before the District Attorney.

55.    Defendants did not make a complete and full statement of facts to the District Attorney.

56.    Defendants withheld exculpatory evidence from the District Attorney.

57.    Defendants misrepresented and falsified evidence before the Grand Jury.

58.    Defendants did not make a complete and full statement of facts to the Grand Jury.

59.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

60.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

61.    Defendants acted with malice in initiating criminal proceedings against plaintiff.

62.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

63.   Defendants lacked probable cause    to    continue criminal proceedings against plaintiff.

64.   Defendants acted with malice in continuing criminal proceedings against Plaintiff.

65.   Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

66.   As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

67.   Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

68.   Defendants acted with intent to do harm to plaintiff without excuse or justification.

69.   As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**SEVENTH CLAIM FOR RELIEF**
**STATE LAW MALICIOUS PROSECUTION**

70.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71.   By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

72.   Defendants maliciously commenced criminal proceeding against plaintiff, charging her with various crimes.  Defendants falsely and without probable cause charged plaintiff with violations of the law of the State of New York.

73.   The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

74.   Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

75.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

**NINTH CLAIM FOR RELIEF**
**NEGLIGENCE AGAINST ALL INDIVIDUAL DEFENDANTS**

76.   Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

77.   Defendants owed plaintiff a duty of care to prevent him from being attacked.

78.   Defendants breached that duty of care.

79.   Defendants' breach of duty was the but-for cause of plaintiff's injury.

80.   Defendants' breach of duty was the proximate cause of plaintiff's injury.

81.   Plaintiff sustained damages, including but not limited to serious physical injuries, emotional injuries and pain and suffering as a result

## TENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

82.   Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

83.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

84.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

85.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by PLAINTIFF as alleged herein The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police

11

Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

86.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was subjected to unlawful and excessive force resulting in permanent and disabling injuries.

87.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

88.   Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

89.   All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right not to have excessive force imposed upon him, not to have summary punishment imposed upon him and to receive equal protection under the law

**ELEVENTH CLAIM FOR RELIEF**
**DELIBERATE INDIFFERENCE TO PLAINTIFF'S**
**MEDICAL NEEDS UNDER 42 U.S.C. § 1983**

90.   Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

91.   Defendants knew that plaintiff was emotionally unstable.

12

92.     Notwithstanding this fact, defendants failed to provide plaintiff with proper psychiatric assistance.

93.     Defendants also greatly exacerbated plaintiff's condition by their acts of violence when they needlessly shot plaintiff.

94.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**TWELFTH CLAIM FOR RELIEF**
**CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS**

95.     Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

96.     Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, prosecution, pretrial detention, conviction and imprisonment of plaintiff.

97.     Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward plaintiff, with utter and deliberate indifference to and disregard for plaintiff's rights under the Constitution and laws of the United States, without probable or reasonable cause to believe plaintiff guilty of any crime.

98.     The aforesaid conduct of defendants operated to deprive plaintiff of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights:

13

(a)     Not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

(b)     Not to be deprived of his liberty or to be arrested, indicated, prosecuted or imprisoned based upon evidence fabricated by a government official;

(c)     Not to be deprived of his liberty or to be arrested, indicted, prosecuted or imprisoned based upon the testimony of witnesses who had been illegally bribed or influenced for their testimony; and

99.     The foregoing violations of plaintiff's constitutional rights by defendants directly and proximately caused plaintiff's arrest, detention, imprisonment and deprivation of liberty.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against defendants jointly and severally as follows:

14

(a)     Actual   and   punitive   damages   against   the   individual defendants in an amount to be determined at trial;

(b)     Actual damages in an amount to be determined at trial against the City of New York;

(c)     Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and New York common law, disbursements, and costs of the action; and

(d)     Such other relief as the Court deems just and proper.

DATED:      January 24, 2018

Brooklyn, New York

*Amy Rameau*
_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO:       All  Defendants
          Corporation Counsel  of the  City of New York